**ALEXANDER KRAKOW + GLICK LLP**
Gail A. Glick (State Bar No. 174293)
Joshua M. Arnold (State Bar No. 240154)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E: gglick@akgllp.com | jarnold@akgllp.com

R. Scott Oswald (*pro hac vice pending*)
The Employment Law Group, PC
888 17th Street NW, Floor 9
Washington, DC 20006
(202) 261-2806
soswald@employmentlawgroup.com
Counsel for Plaintiff Hoseong Ryu

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hoseong Ryu,<br><br>                              Plaintiff,<br><br>v.<br><br>Intel Corporation,<br>2200 Mission College Boulevard<br>RNB-5-125<br>Santa Clara, California 95054<br><br>    Serve Registered Agent:<br>    CT Corporation System<br>    818 W 7th Street, #930<br>    Los Angeles, California 90017<br><br>                              Defendant. | Case No.: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

COMPLAINT AND DEMAND FOR JURY TRIAL

# CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

1. Defendant Intel Corporation subjected Plaintiff Hoseong Ryu to unlawful discrimination under Title VII of the Civil Rights Act of 1964 on the basis of his national origin (Korean).

2. Defendant Intel Corporation subjected Plaintiff Hoseong Ryu to unlawful discrimination under Title VII of the Civil Rights Act of 1964 on the basis of race (East Asian/Korean).

3. Defendant Intel Corporation subjected Plaintiff Hoseong Ryu to unlawful discrimination under Section 1981 the Civil Rights Act of 1866 on the basis of his race (East Asian/Korean).

4. Defendant Intel Corporation subjected Plaintiff Hoseong Ryu to unlawful discrimination in violation of the California Fair Employment and Housing Act on the basis of his national origin (Korean).

5. Defendant Intel Corporation subjected Plaintiff Hoseong Ryu to unlawful discrimination in violation of the California Fair Employment and Housing Act on the basis of his race (East Asian/Korean).

## Parties

6. Plaintiff Hoseong Ryu is a resident of Poway, California. At all times relevant to this action, Ryu was an employee of Intel Corporation.

7. Defendant Intel Corporation is a Delaware corporation with its principal place of business located at 2200 Mission College Boulevard, RNB-5-125, Santa Clara, California 95054.

## Jurisdiction and Venue

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a case arising under the laws of the United States of America, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.* and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*

9. The Court has supplemental jurisdiction over the claims brought under the California Fair Housing and Employment Act, Cal. Gov't Code § 12940, *et seq*., pursuant to 28 U.S.C. § 1367 because the claims are based on the same underlying nucleus of facts that give rise to the federal claims.

10. The Court has jurisdiction over the claims brought pursuant to Title VII of the Civil Rights Act of 1964 because Plaintiff Hoseong Ryu has exhausted his administrative remedies under Title VII and because the United States Equal Employment Opportunity Commission issued him a Notice of Right to Sue on April 19, 2019.

11. The Court has jurisdiction over the claims brought pursuant to the California Fair Housing and Employment Act because Hoseong cross-filed a charge of discrimination with the California Department of Fair Housing and Employment, the California Department of Housing and Employment issued a Hoseong a Notice of Right to Sue on May 1, 2018, the California Department of Fair Housing and Employment declined to conduct its own investigation in light of the Equal Employment Opportunity Commission's investigation and deferred to the EEOC, and the EEOC issued Hoseong a Notice of Right to Sue on April 19, 2019.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located within this District at 2200 Mission College Boulevard, RNB-5-125, Santa Clara, California 95054.

**Factual Allegations**

13. Hoseong Ryu is a 45-year-old resident of Poway, California. Ryu immigrated to the United States from South Korea in 1996. Ryu became a citizen of the United States in 2009.

14. In or about July or August 2014, Ryu applied for a position as a Software Engineer at Intel Corporation. In about August 2014, Ryu interviewed for the position with a panel that consisted of Bhavendra Matta (who is originally from India), Peter

Bisgaard (who is originally from Denmark), and John Cuder. During this interview, Matta posed a question to Ryu to the effect of, "I see you are from Korea. I know a Korean man named Sung Won Bin. Do you happen to know him?"

15. After the interview, Matta discouraged the hiring of Ryu. Matta made a statement to Cuder to the effect that Intel should not hire Ryu because he was "Korean, married, and had a child." Matta further made a statement to Cuder to the effect of "It would be easier to hire a younger, unmarried Indian man."

16. Intel ultimately hired Ryu.

17. Ryu began employment at Intel in about September 2014 and worked on the System Integration Team. Throughout Ryu's employment, the demographics of the worksite and its management have been heavily skewed toward employees from India or people of Indian or south-Asian descent.

18. Ryu observed that management of the team openly favored the hiring and promotion of employees from India or of Indian or south-Asian descent.

19. Former Senior Firmware Engineer Ravi Gopalan, who is of Indian descent and was a member of the management of Ryu's team, openly favored the hiring and promotion of only employees from India. Gopalan's stated rationale was that "Indians work hard" and "Indians are harder workers." Gopalan also encouraged Ryu's former supervisor, Peter Bisgaard, to hire only Indian employees.

20. Throughout Ryu's tenure, management of the System Integration Team, which is primarily composed of managers from India, has openly shown favoritism toward employees from India or of Indian or south-Asian descent regarding the use of vacation and leave. Most employees who are not Indian or south-Asian receive only two to three weeks of vacation or leave per year. But employees who are originally from India or of Indian descent typically receive additional leave time and sometimes receive as much as five or six weeks of leave per year.

21. In or about December 2017, Ryu met with then Joint Team Manager of the System Integration Team Srikanth Amaraneni (who is originally from India). At that

time, the System Integration Team consisted of both platform engineers and system integration engineers. Amaraneni told Ryu that there would likely be a reorganization to the team and that there might be a possibility for Ryu to take a management track. Ryu indicated his interest in a potential management track at that time. During this conversation, Amaraneni did not offer specific details about when a reorganization might happen or any potential new positions that Intel might create as a part of a reorganization.

22. Amaraneni hosted a meeting of the System Integration Team in about early January 2018. During the meeting, Amaraneni announced that there would soon be a reorganization of the team. Amaraneni made no statements during the meeting regarding any new positions that Intel would create as a result of the reorganization.

23. On or about February 6, 2018, Senior Engineering Manager Aravind Mahishi (who is originally from India) made a telephone call to Ryu and asked a question to the effect of "How is the team doing?" Mahishi told Ryu that there might be some growth coming to the team. Mahishi made no mention during this telephone call of any potential new management positions.

24. On or about February 9, 2018, Intel named Ramesh Kondru (who is from India) as Manager of the System Integration Team. This position was a promotion for Kondru. Kondru had previously worked as a system debugger. By contrast, Ryu had worked as an integration engineer and had served as a de facto manager of the team for about 18 months prior to Kondru's promotion. Ryu had also established the System Integration live test rack for Intel in the United States. By contrast, Kondru had no management experience and had significantly less experience with system integration than Ryu.

25. As a result of this promotion, Kondru now has personnel decisionmaking authority and has the ability to exercise management discretion within the organization.

26. On or about March 2, 2018, Ryu initiated an internal Open Door Investigation at Intel in which he alleged that his non-promotion in favor of Kondru was retaliation by Amaraneni based upon a previous complaint to Human Resources about

Amaraneni. Intel's Open Door Investigation was inconclusive and revealed that the job had been offered exclusively to Kondru.

27. Subsequently, Ryu filed a charge of discrimination with the Equal Employment Opportunity Commission on or about May 1, 2018 and cross-filed that charge with the California Department of Fair Housing and Employment.

28. On May 1, 2018, the California DFEH issued Ryu a Notice of Right to Sue and deferred its own investigation to the EEOC. On April 19, 2019, the EEOC issued Ryu a Notice of Dismissal and Right to Sue.

## COUNT I

### National Origin Discrimination

### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

29. Ryu incorporates the allegations in the foregoing paragraphs as though alleged fully herein.

30. At all times relevant to this Complaint, Intel was an employer as defined in and provided for under Title VII.

31. At all times relevant to this Complaint, Ryu was an employee as defined in and provided for under Title VII.

32. Ryu's national origin is Korean, which is a protected class under Title VII.

33. Throughout the course of his employment, Ryu has worked in an environment with management that favors employees who are from India or are of Indian or south-Asian descent and disfavors employees who do not fall into that category.

34. Intel subjected Ryu to an adverse employment action when it failed to inform him of the possibility of a promotion to the position of Manager of System Integration in February 2018.

35. Intel subjected Ryu to an adverse employment action when it failed to promote him to the position of Manager of System Integration in February 2018.

36. Intel instead promoted an employee who is from India named Ramesh Kondru.

37. Ryu held superior qualifications for the position over Kondru.

38. Intel's actions against Ryu occurred under circumstances that give rise to a reasonable inference of discrimination.

39. Intel's purported legitimate business reasons for the actions taken against Ryu are mere pretext.

40. Due to Intel's unlawful discrimination, Ryu has suffered damages, emotional distress, and harm to his reputation.

## COUNT II

### Race Discrimination

### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

41. Ryu incorporates the allegations in the foregoing paragraphs as though alleged fully herein.

42. At all times relevant to this Complaint, Intel was an employer as defined in and provided for under Title VII.

43. At all times relevant to this Complaint, Ryu was an employee as defined in and provided for under Title VII.

44. Ryu's race is East Asian, which is a protected class under Title VII.

45. Throughout the course of his employment, Ryu has worked in an environment with management that favors employees who are from India or are of Indian or south-Asian descent and disfavors employees who do not fall into that category.

46. Intel subjected Ryu to an adverse employment action when it failed to inform him of the possibility of a promotion to the position of Manager of System Integration in February 2018.

47. Intel subjected Ryu to an adverse employment action when it failed to promote him to the position of Manager of System Integration in February 2018.

48. Intel instead promoted an employee who is from India named Ramesh Kondru.

49. Ryu held superior qualifications for the position over Kondru.

COMPLAINT AND DEMAND FOR JURY TRIAL

50. Intel's actions against Ryu occurred under circumstances that give rise to a reasonable inference of discrimination.

51. Intel's purported legitimate business reasons for the actions taken against Ryu are mere pretext.

52. Due to Intel's unlawful discrimination, Ryu has suffered damages, emotional distress, and harm to his reputation.

## COUNT III

### Race Discrimination

### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981

53. Ryu incorporates the allegations in the foregoing paragraphs as though alleged fully herein.

54. At all times relevant to this complaint, Ryu was a person as defined by Section 1981.

55. At all times relevant to this complaint, Intel Corporation was a party with whom Ryu had an employment relationship.

56. Ryu's race is East Asian, which is a protected class under Section 1981.

57. Throughout the course of his employment, Ryu has worked in an environment with management that favors employees who are from India or are of Indian or south-Asian descent and disfavors employees who do not fall into that category.

58. Intel subjected Ryu to an adverse employment action when it failed to inform him of the possibility of a promotion to the position of Manager of System Integration in February 2018.

59. Intel subjected Ryu to an adverse employment action when it failed to promote him to the position of Manager of System Integration in February 2018.

60. Intel instead promoted an employee who is from India named Ramesh Kondru.

61. Ryu held superior qualifications for the position over Kondru.

62. Intel's actions against Ryu occurred under circumstances that give rise to a reasonable inference of discrimination.

63. Intel's purported legitimate business reasons for the actions taken against Ryu are mere pretext.

64. Due to Intel's unlawful discrimination, Ryu has suffered damages, emotional distress, and harm to his reputation.

## COUNT IV

### National Origin Discrimination

### California Fair Housing and Employment Act, Cal. Gov't Code § 12940, *et seq.*

65. Ryu incorporates the allegations in the foregoing paragraphs as though alleged fully herein.

66. At all times relevant to this complaint, Ryu was an employee as defined by the California FEHA.

67. At all times relevant to this complaint, Intel was a covered employer under the California FEHA.

68. Ryu's national origin is Korean, which is a protected class under the California FEHA.

69. Throughout the course of his employment, Ryu has worked in an environment with management that favors employees who are from India or are of Indian or south-Asian descent and disfavors employees who do not fall into that category.

70. Intel subjected Ryu to an adverse employment action when it failed to inform him of the possibility of a promotion to the position of Manager of System Integration in February 2018.

71. Intel subjected Ryu to an adverse employment action when it failed to promote him to the position of Manager of System Integration in February 2018.

72. Intel instead promoted an employee who is from India named Ramesh Kondru.

73. Ryu held superior qualifications for the position over Kondru.

COMPLAINT AND DEMAND FOR JURY TRIAL

74. Ryu's national origin was a substantial motivating reason for Intel's actions against him.

75. Intel's purported legitimate business reasons for the actions taken against Ryu are mere pretext.

76. Due to Intel's unlawful discrimination, Ryu has suffered damages, emotional distress, and harm to his reputation.

## COUNT V

### Race Discrimination

**California Fair Housing and Employment Act, Cal. Gov't Code § 12940, *et seq*.**

77. Ryu incorporates the allegations in the foregoing paragraphs as though alleged fully herein.

78. At all times relevant to this complaint, Ryu was an employee as defined by the California FEHA.

79. At all times relevant to this complaint, Intel was a covered employer under the California FEHA.

80. Ryu's race is East Asian, which is a protected class under the California FEHA.

81. Throughout the course of his employment, Ryu has worked in an environment with management that favors employees who are from India or are of Indian or south-Asian descent and disfavors employees who do not fall into that category.

82. Intel subjected Ryu to an adverse employment action when it failed to inform him of the possibility of a promotion to the position of Manager of System Integration in February 2018.

83. Intel subjected Ryu to an adverse employment action when it failed to promote him to the position of Manager of System Integration in February 2018.

84. Intel instead promoted an employee who is from India named Ramesh Kondru.

85. Ryu held superior qualifications for the position over Kondru.

86. Ryu's race was a substantial motivating reason for Intel's actions against him.

87. Intel's purported legitimate business reasons for the actions taken against Ryu are mere pretext.

88. Due to Intel's unlawful discrimination, Ryu has suffered damages, emotional distress, and harm to his reputation.

## PRAYER FOR RELIEF

Based on the foregoing, Ryu respectfully requests that this Court award him the following relief against Intel Corporation:

A. Economic damages in an amount to be proved at trial;

B. Compensatory, non-economic damages;

C. Equitable relief;

D. Exemplary and Punitive damages;

E. Pre-judgment interest;

F. Reasonable attorneys' fees;

G. Court costs; and

H. Any other such relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff Hoseong Ryu demands a trial by jury for any and all issues proper to be tried.

Respectfully submitted,

 /s/ Gail A. Glick
_____
Gail A. Glick, Esq. (CA Bar Number: 174293)
Alexander Krakow + Glick LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
310-464-1535
gglick@akgllp.com
Counsel for Plaintiff Hoseong Ryu

COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

R. Scott Oswald (*pro hac vice pending*)
The Employment Law Group, PC
888 17th Street NW, Floor 9
Washington, DC 20006
(202) 261-2806
soswald@employmentlawgroup.com
Counsel for Plaintiff Hoseong Ryu

COMPLAINT AND DEMAND FOR JURY TRIAL